UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21998-CIV-HUCK/O'SULLIVAN

MAREA A. BROADBENT and
BARBARA A. DENLEY,

    Plaintiffs,

v.

MAREA A. EDYNAK,

    Defendant,

_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Defendant's Verified Motion for Attorneys' Fees (DE # 46, 12/10/09). The Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned pursuant to 29 U.S.C. §636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends the Defendant's Verified Motion for Attorneys' Fees (DE # 46, 12/10/09) be GRANTED in accordance with the following Report and Recommendation.

## BACKGROUND

On September 24, 2009, the plaintiff filed a Motion to Enforce Settlement in this matter (DE # 33). A response was filed on October 3, 2009, (DE # 35) and a reply was filed on October 19, 2009, (DE # 39). On October 26, 2009, the undersigned issued a Report and Recommendation recommending that the Motion to Enforce Settlement be

denied (DE # 40). The plaintiff filed objections to the Report and Recommendation on November 11, 2009, (DE # 41), and the defendant filed a response to the objections on November 19, 2009, (DE # 42). On December 1, 2009, Judge Huck issued an Order adopting the undersigned's Report and Recommendation and denying the Motion to Enforce Settlement. On December 10, 2009, the defendant filed the instant motion (DE # 46). The plaintiff filed a response on December 28, 2009, (DE # 48) and the defendant filed a reply on December 30, 2009, (DE # 49). The motion does not ask for costs and asks for $9,465.00 in attorney's fees.[1]

## ANALYSIS

Attorneys' Fees

    A. Entitlement to Attorneys' Fees

The defendant seeks an award of attorney's fees as the prevailing party on the Motion to Enforce Settlement Agreement pursuant to the Settlement Agreement and Mutual Release Agreement (Exhibit A to the Plaintiff's Motion to Enforce Settlement Agreement (DE # 33, 9/24/09)). The Settlement Agreement and Mutual Release provides as follows at p. 4, para. 13:

> In the event that any of the parties hereto brings any litigation involving or arising out of this Agreement, then the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including without limitation any fees and costs arising in connection with any appellate proceeding and any attorneys' fees incurred in litigating the entitlement to an amount of such attorneys' fees.

---

[1] In the reply, the defendant agreed to withdraw $450.00 for the double billing of a time entry on December 1, 2009. Accordingly, this Report and Recommendation treats the Request for Fees as being for a total of $9,015.00.

The defendant moves for attorney's fees as the prevailing party in this matter because the defendant prevailed on the Motion to Enforce Settlement Agreement, and the Settlement Agreement and Mutual Release Agreement provides for attorneys fees in the event that a party brings litigation relating to the Agreement. In accordance with the requirements of Local Rule 7.3 of the Southern District of Florida, the defendant's motion is verified, requests $9,465.00 in attorney's fees, attaches comprehensive billing records, and an affidavit by an expert. The undersigned finds that the defendant is the prevailing party on the Motion to Enforce Settlement Agreement, and is entitled to fees under the Settlement Agreement and Mutual Release Agreement. The defendant requests $9,465.00 in the motion, but agreed to reduce this amount by $450.00 in the reply for a duplicate billing entry on December 1, 2009, accordingly, as noted in footnote 1 above, the undersigned considers $9,015.00 the amount requested by the defendant in fees. The undersigned must now decide the reasonableness of the fees sought by the defendant.

B. Reasonableness of Attorney's Fees

The threshold calculation for determining a reasonable attorney's fee is the total number of reasonable hours multiplied by a reasonable hourly rate. See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

I.  **Reasonable Hourly Rate**

In determining reasonableness, the Court must first evaluate counsel's fee request in terms of the appropriate hourly rate. A reasonable hourly rate is measured by prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886,

3

895 (1984). In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). The party who applies for attorneys' fees must submit satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. Edmunds v. Levine, 2009 WL 1012193 at *3 (S.D. Fla. 2009) (citing Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996)). Moreover, the court may adjust the hourly rate or fees claimed by an attorney to an amount it deems proper. Edmunds, 2009 WL 1012193 at *5.

The defendant was represented by Campbell & Malafay in this matter. Two attorneys at the firm, Mr. Campbell and Mr. Torres worked on this case. Based on the hours listed and the amount charged listed in the billing records, the billing records indicate that Mr. Campbell billed $250.00 per hour for the work he performed on the case and Mr. Torres billed $300.00 per hour for his work on the case. Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. See Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, the defendant's counsel provided an affidavit from an expert witness to substantiate the attorney's fees requested. Having considered and weighed the evidence, counsel's

4

reputation and experience in the areas of the applicable law and the Court's familiarity with litigation and attorney's fees in general, the undersigned finds that an hourly rate of $300.00 for Mr. Torres is reasonable and an hourly rate of $250.00 for Mr. Campbell is reasonable.

## II.   Hours Reasonably Expended

The Court must next evaluate the defendant's requested fee for reasonableness in terms of the total hours expended by the defendant's counsel. To determine hours reasonably expended, a court may use its discretion to exclude "excessive or unnecessary work on given tasks." Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

In the Motion for Fees, the defendant's attorneys request reimbursement for a total of 32.30 hours from August 17, 2009, through December 8, 2009.  As noted above, the defendant agreed to withdraw 1.50 hours for a duplicate entry on December 1, 2009, which results in a requested number of hours totaling 30.80.  The undersigned considers the 30.80 hours to be the number of hours requested by the defendant.

The plaintiff's response to the instant motion requests that the Court take into consideration that: 1) the response to the Motion to Enforce the Settlement agreement did not cite the two main cases referred to by the undersigned in the Report and Recommendation; and 2) the response to the objections to the Report and Recommendation was unnecessary because all it did was "parrot" the undersigned's

5

Report and Recommendation.[2]  The plaintiff also requests the Court to consider that the Motion to Enforce Settlement Agreement was made in good faith and argues that a portion of the requested fees were "unavoidable".  The defendant's reply agrees that the plaintiff's Motion to Enforce Settlement Agreement was made in good faith.  The defendant also agrees that she did not cite the two main cases referred to by the undersigned in the Report and Recommendation.  The defendant further argues that it was necessary for her to file a response to the Objections to the undersigned's Report and Recommendation on the Motion to Enforce Settlement Agreement, because the plaintiff filed objections.   Finally, the defendant disputes the plaintiff's argument that a portion of the fees were "unavoidable", because the discovery of the subject policies was "intertwined" with the disputes raised in the Motion to Enforce Settlement Agreement.

The undersigned agrees that the filing of the response to the objections was warranted, and agrees with the defendant with respect to the plaintiff's argument that a portion of fees were "unavoidable", because the undersigned finds that the discovery of the subject policies was "intertwined" with the disputes raised in the Motion to Enforce Settlement Agreement.  The undersigned further finds that 30.80 hours is a reasonable amount of time for counsel for the defendant to have spent in this matter. Accordingly, the defendant should be awarded 4.50 hours at a rate of $250.00 per hour for Mr.

---

[2] The plaintiff also indicates in the response to the Motion for Attorney's Fees that only $1,350.00 of the requested fees relate to the Attorney's Fees Motion preparation, but does not state the significance of this notion.  The defendant does not address the significance in the reply.

Campbell for a total of $1,125.00 and 26.30 hours at a rate of $300.00 per hour from Mr. Torres for a total of $7,890.00, for a total award of $9,015.00 for 30.80 hours in this matter.

### RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that the Defendants' Motion for Attorneys' Fees and Costs (DE #318, 5/04/09) be GRANTED in accordance with the foregoing Report and Recommendation and the defendants be awarded fees in the amount of $9,015.00.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 10th day of March, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Paul C. Huck
All counsel of record